# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LEON MICHAEL ROY,** *Plaintiff* | § § § | |
| -vs- | § § | SA-20-CV-00827-XR |
| **LARRY POINTER, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,** *Defendants* | § § § § § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 8). After careful consideration, the Court grants the motion.

## Background

Plaintiff Leon Michael Roy filed this action on December 31, 2018 against Larry Pointer and Swift Transportation Company of Arizona, LLC in state court for damages arising from a motor vehicle collision. Plaintiff's original petition specifically alleged that his damages as of the time of filing did not exceed $75,000. Docket no. 9-1. On July 15, 2020, Defendant Swift Transportation filed a Notice of Removal, asserting that it first became aware of the existence of diversity jurisdiction on June 30, 2020 when Plaintiff testified at his deposition that his damages were in excess of $375,000. Swift argued that its removal was therefore timely under 28 U.S.C. § 1446(b)(3), because it was filed within thirty days of the deposition.

On August 14, 2020, Plaintiff timely filed a motion a remand, arguing that remand is required because (1) the amount-in-controversy requirement is not met; (2) the notice of removal is untimely because it was filed more than one year after commencement of the lawsuit, and (3) the notice of removal is procedurally defective because Defendant Larry Pointer did not consent

to the removal. In response, Swift argues that the amount-in-controversy requirement is satisfied and that removal is timely because Plaintiff acted in bad faith to prevent removal pursuant to 28 U.S.C. § 1446(c)(1). Swift also states that both Defendants consent to removal and provides written consent.

## Analysis

The Court need not decide the thorny issues of whether the amount-in-controversy requirement is met or whether the removal was timely because Swift failed to timely provide Pointer's written consent to removal, rendering the removal procedurally defective and requiring remand.

Under § 1446(b)(2)(A)'s unanimity requirement, "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. "This does not mean that each defendant must sign the original petition for removal," but the Fifth Circuit requires "some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Thus, if written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the case must be remanded. *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

Only Swift removed the case by filing the Notice of Removal, and Swift did not provide a written consent from Pointer or indicate Pointer's consent anywhere within the Notice of Removal.[1] Thus, Swift failed to timely provide written consent to removal by Pointer. It does not matter that Swift and Pointer were represented by the same counsel. *Smith v. Union Nat'l Life*

---

[1] The Court notes that it issued its Standing Order Concerning Removed Cases on July 15, 2020, and the Standing Order was filed on July 16. That Standing Order directs the removing defendant to, among other things, identify any defendant who had been served prior to the time of removal who did not formally join in the notice of removal and to provide copies of written consents, if any, if not already on file. Swift did not submit the required advisory in response to the Standing Order.

*Ins. Co.*, 187 F. Supp. 2d 635, 646 (S.D. Miss. 2001) ("Nor does the joint representation of the removing and non-removing defendants by a single attorney create an implied joinder or consent . . . ."). In response to the Motion to Remand, Defendants provided a signed written consent dated August 19, but that consent was untimely. *Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629, at *3 (E.D. La. Sept. 7, 2012)("[C]ourts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended."). Remand is required.

## Conclusion

Plaintiff's Motion to Remand (docket no. 8) is GRANTED. Plaintiff's request for attorney's fees and costs is denied because the Court finds Swift had a good faith basis for removal and simply made a procedural error.

This case is remanded pursuant to 28 U.S.C. § 1447(c), (d). The clerk is directed to CLOSE this case.

It is so ORDERED.

SIGNED this August 21, 2020

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE